Filed 9/26/14  Samiezade-Yazd v. Samiezade-Yazd CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CAROLINE SAMIEZADE-YAZD, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> MOHAMMAD SAMIEZADE-YAZD, <br><br>     Defendant and Respondent. | A140818 <br><br> (Alameda County <br> Super. Ct. No. HF07337488) |

Caroline Samiezade-Yazd appeals from an order denying her application to modify custody and visitation orders relating to her 16-year-old daughter, Khadijeh (Kadie), who apparently has refused to speak with her mother for several years. As was the case with Caroline's 2011 appeal from a similar order, Caroline's pro se brief disregards all rules of appellate procedure and presents no intelligible legal grounds on which relief might be granted.

We quote from the October 2011 opinion of this court reciting the general background of the present matter: "Caroline Samiezade-Yazd and Mohammad Samiezade-Yazd filed for divorce in September 2004 in Colorado. In April 2006, the Colorado court awarded Mohammad custody of the couple's three minor children and authorized his move to California with the children. Caroline was given the right to supervised visitation. The contentious custody dispute continued in California. After four years, in response to another of Caroline's numerous largely repetitive motions, the court issued an order, following a hearing on October 21, 2010, suspending visitation between

1

Caroline and the children, now ages 13, 15 and 17 years old." (No. A130845, Oct. 24, 2011, A130845 [nonpub. opn.].)

The Discussion section of this court's prior opinion began as follows: "Initially, we note that Caroline's appellate briefs completely fail to comply with the applicable requirements of the California Rules of Court, rule 8.204(a). Her briefs do not contain any citation to the record and her arguments are not organized in any understandable manner and are not supported by citation to relevant authority. The vast majority of her briefing is focused on factual issues unrelated to the limited scope of this appeal." Caroline has not heeded our prior admonition and her present papers suffer from the same fundamental deficiencies.

The order from which the present appeal is taken continues to award legal and physical custody of Kadie (and of a younger brother) to Kadie's father, Caroline's former husband. As to the issue of visitation, the order provides: "The minor children . . . will contact [Caroline] as they wish to work out when and where they will communicate or spend time with her."

From the papers filed on appeal, one can discern that Kadie is experiencing psychological issues that are of concern to Caroline and which Caroline attributes to Kadie's father. The order from which the appeal has been taken also provides, "In the next couple of months [the father] will help Kadie find a female therapist so Kadie has someone to work with when she is ready to do so."

Caroline's brief defends her own mental stability, accuses Kadie's father of being a "liar and mentally unstable" and responsible for Kadie's alienation from her mother. However, the brief provides no basis on which this court could possibly conclude that the trial court has wrongly evaluated the evidence or abused its discretion in refusing to alter longstanding custody and visitation arrangements.

The order entered on December 20, 2013, following the hearing on November 25, 2013, is affirmed.

_____
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.

3